69730, 69731. ATLANTA CASUALTY COMPANY v. GAGNON;
and vice versa.
(330 SE2d 390)

CARLEY, Judge.

Gagnon, who is a native of Georgia, secured employment in Tennessee. While he was working in Tennessee and living with relatives there, he purchased a policy of insurance covering his automobile, which was registered in Georgia. The policy was purchased through a Tennessee insurance agent, and it was negotiated, issued, and delivered in Tennessee. While the policy was in effect, Gagnon was involved in a collision in Georgia. The insurer, Atlanta Casualty Company, paid Gagnon basic personal injury protection (PIP) benefits in accordance with OCGA § 33-34-3 (a) (2). Thereafter, Gagnon sought to recover increased optional PIP benefits pursuant to the holding of *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). The insurer did not pay Gagnon's *Flewellen* claim, and the instant lawsuit was instituted. After discovery was conducted, the insurer moved for summary judgment in its favor. Gagnon moved for partial summary judgment in his favor on the theory that the insurer was required to pay him optional PIP benefits by virtue of his alleged status as a Georgia resident. The trial court denied both motions and certified its rulings for immediate review. This Court granted both parties' applications for interlocutory appeal. Since the appeals present the same issue, they will be considered together.

The question for our consideration is whether the optional PIP coverage imposed by OCGA § 33-34-5 as construed by *Flewellen*, supra, applies to a policy of insurance covering a vehicle registered in Georgia, which policy was issued in Tennessee to a person who claims to be a Georgia resident. The case of *Doran v. Travelers Indem. Co.*, 254 Ga. 63 (326 SE2d 221) (1985) is dispositive of this matter. In answer to a certified question from the United States Court of Appeals for the Eleventh Circuit, the Supreme Court in *Doran* held that *Flewellen* optional PIP coverage would not apply to an insurance policy issued in Florida. The policy under consideration in *Doran* had been issued to a Florida resident. It covered a vehicle which was registered in Florida, but which the parties to the insurance contract understood would be used and garaged in Georgia. The subject collision occurred in Georgia, and the injured claimant was a Georgia resident. The insurer paid the claimant's uninsured motorist and basic PIP claims, but refused to pay his *Flewellen* claim for optional PIP benefits. In holding that Georgia law did not provide optional PIP cover-

age in such a situation, the Supreme Court ruled that "[i]t is where the policy was issued, and not where the vehicle was licensed or garaged, which is a factor used to determine whether all provisions of the no-fault act apply or only limited portions of the act apply." *Doran*, supra at 68.

In the case at bar, even though Gagnon's vehicle was registered in Georgia, his policy of insurance was solicited, negotiated, *issued*, and delivered in Tennessee. Therefore, the insurer was required to provide only $5,000 minimum PIP coverage as specified in OCGA § 33-34-4 (a) (2). OCGA § 33-34-3 (a) (2). This statutory minimum coverage, rather than the optional coverage imposed under *Flewellen*, applied because the policy was issued outside of this State. Moreover, the statutory minimum coverage requirement for Gagnon's out-of-state policy was not affected by his alleged status as a Georgia resident. The *Doran* claimant's status as a Georgia resident was undisputed.

Since the issue of Gagnon's place of residence was immaterial to the determination of whether he was entitled to receive optional PIP benefits, the trial court correctly denied his motion for partial summary judgment. However, the trial court erred in denying the insurer's motion for summary judgment. The insurer has already paid Gagnon $5,000 basic PIP benefits as required by statute, and it is not obligated to pay his *Flewellen* claim.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1985.

*Robert M. Darroch, Richard R. Thomas, Elizabeth A. Obenshain,* for appellant.
*Sam S. Harben, Jr.,* for appellee.